U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 1 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HUBERT D. WALKER | CIVIL ACTION NO. 03-2284-M |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner Hubert D. Walker's Petition for Writ of *Habeas Corpus* (28 U.S.C. § 2254), filed *in forma pauperis* on December 15, 2003. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving a life sentence following his 1999 conviction for Second Degree Murder in Louisiana's 6th Judicial District Court. It is this conviction that he collaterally attacks in this proceeding.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

The factual background of this case has been set forth in the Reports and Recommendations filed herein on April 19, 2004 [doc. 5], May 12, 2005 [doc. 16], and June 21, 2006 [doc. 28]. All but one of petitioner's *habeas corpus* claims have now been

2

resolved adversely to the petitioner.[1] The Report recommending dismissal of Assignments of Error I, II(A), and III and Claim I-D did not address the merits of Claim I-A, however, and therefore, on August 14, 2006, United States District Judge Robert G. James directed the undersigned to supplement the previous Reports and Recommendations with regard to this claim.

The record reflects that on June 3, 2002, petitioner filed an Application for Post-Conviction Relief in the Sixth Judicial District Court [Ex. N] which argued, among other things, the following claim for relief:

> The State hindered the Grand Jury's duty to shield the defendant from the possibility of vindictive or mistaken prosecution against him because it was not provided with the essential elements of the charged offense so that it could sufficiently weigh the facts presented to the Grand Jury against the essential elements of the charged offense thereby ensuring that the State had presented sufficient probable cause to warrant indictment of the defendant; thus the Grand Jury indictment is invalid. [Doc. 1, Brief, p. 13; Ex. O, p. 17]

On July 12, 2002, petitioner's application for post-conviction relief was denied. The district court found that petitioner's claim which attacked the validity of Louisiana's Short Form Indictment[2] was without merit and contrary to established Louisiana jurisprudence. On August 12, 2002, petitioner applied

---

[1] Claims I-B and I-C and Assignments of Error 11(B) and (C) were dismissed on August 5, 2005 [doc. 26]; thereafter, on April 14, 2006, Assignments of Error I, II(A), and III and Claim I-D were dismissed. [doc. 30]

[2] See La. C.Cr.P. art. 465(A)(32).

for a writ of review in the Second Circuit Court of Appeals. [Ex. R]

That court denied relief on September 26, 2002 and mailed notice of judgment to petitioner on that same date. [Doc. 1, Brief, p. 3; see Ex. S] In denying relief, the Second Circuit noted that: "The indictment was valid as to form. La. C.Cr.P. art. 465(31)."

On October 28, 2002, petitioner filed a writ application in the Louisiana Supreme Court. [Ex. T] That court denied relief without comment on November 7, 2003. [Doc. 1, Brief, p. 3] See also State ex rel. Hubert D. Walker v. State, 2002-3077 (La. 11/7/03), 857 So.2d 511. [Ex. U]

On December 11, 2003, petitioner filed this application for *habeas corpus*. [See Doc. 1, also, Ex. V] His claim concerning the validity of the short-form indictment is identical to the claim raised in his post-conviction litigation in the Louisiana courts. [doc. 1, pp. 21-15]

## LAW AND ANALYSIS

Petitioner was indicted for murder and the indictment returned by the Madison Parish Grand Jury charged him in accordance with La. C.Cr.P. art. 465(A)(32) - "Hubert D. Walker committed the second degree murder of Josephine Johnson..." [doc. 1, p. 3, Exhibit F, Attachments to Application and Brief in Support of Application for Writ of *Habeas Corpus*, "Exhibit A"

following, p. 72]

Petitioner claims that the use of this short form indictment deprived him of a full and fair consideration of the facts and law in the matter thus depriving him of his equal protection and due process rights to be prosecuted upon a valid grand jury indictment for the offense of second degree murder. [doc. 1, p. 23]

The court may resolve the merits of this claim without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claim and the State court records provide the required and adequate factual basis necessary for its resolution. See Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Court; see also Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980).

An application for writ of *habeas corpus* on behalf of a person in custody pursuant to a state court judgment shall be considered only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a).

Generally, where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. Millard v. Lynaugh, 810 F.2d 1403 (5th Cir.), *cert. denied*, 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81

(1987); Alexander v. McCotter, 775 F.2d 595 (5th Cir.1985).

Both the trial court and the Second Circuit Court of Appeals ruled that the bill of indictment was sufficient under Louisiana law. That finding was appropriate since the constitutionality of short form indictments has been consistently upheld by the Louisiana Courts. See State v. Baylis, 388 So.2d 713, 718-719 (La.1980); State v. Liner, 373 So.2d 121, 122 (La.1979); State v. Collins, 2001-1459 (La. App. 4 Cir. 8/21/2002), 826 So.2d 598; State v. Coldman, 99-2216 (La.App. 4 Cir. 8/30/00), 769 So.2d 131; State v. Winston, 1997-1183 (La. App. 3 Cir. 12/9/98), 723 So.2d 506; State v. Bourque, 622 So.2d 198 (La. 7/1/93); State v. Kohler, 434 So.2d 1110 (La. App. 1 Cir. 1983) Indeed, the complained of statute has also passed constitutional muster with the Fifth Circuit Court of Appeals. Liner v. Phelps, 731 F.2d 1201 (5th Cir. 1984).

Thus, while it is true that the Sixth Amendment guarantees to the accused the right "to be informed of the nature and cause of the accusation" and that this provision is applicable to the States through the Fourteenth Amendment, Spinkellink v. Wainwright, 578 F.2d 582, 609 n. 32 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), it is also true, at least in the context of federal *habeas corpus* review, that the question of whether the accused was denied the right to be informed of the charge against him does not turn exclusively

upon the <u>content</u> of the indictment or information. A *habeas* petitioner's constitutional right to notice of the charge brought against him can be satisfied by the availability of other means of obtaining notice of the factual or legal basis of the charge against him, such as a bill of particulars, a preliminary examination and criminal pre-trial discovery. In short, if the indictment or information is sufficient to give the convicting court jurisdiction under state law and if the accused has not been denied the opportunity to obtain sufficient notice of the factual and legal basis of the charge against him through other available means, no basis for federal *habeas* relief flows from the alleged failure of the indictment or information to provide notice regarding the various particulars of the charge brought against the petitioner. <u>Liner v. Phelps</u>, 731 F.2d at 1203-04. Petitioner does not argue that he was not otherwise provided sufficient notice of the factual and legal basis of his charge and therefore his claim is without merit.

Further, to the extent that petitioner claims that the use of Louisiana's short form indictment subjected him to an unfair accusatory process because "...[h]e does not know what the grand jury has been presented with... and is left to assume that the grand jury has completely and fully determined that there [was] sufficient probable cause..." [doc. 1, pp. 22-23] such a claim is clearly "...an assault upon the practice of prosecution by

information." Liner, 731 F.2d at 1204. Petitioner, like his counterpart in Liner, argues that it is impossible to determine whether there was a neutrally made probable cause determination as to the presence of an aggravating circumstance. But, as noted by the Liner panel, he "...is not entitled to be free of prosecution absent such a determination so made. '[A] judicial hearing is not prerequisite to prosecution by information.' Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975). See also United States v. Millican, 600 F.2d 273, 276 (5th Cir.1979), cert. denied, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980)." Liner, 731 F.2d at 1204.

In short, petitioner's Claim I-A is without merit and provides no basis for *habeas corpus* relief.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Claim I-A (concerning the use of Louisiana's "short form" indictment) be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 10th day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE