RECEIVED
IN MONROE, LA

MAR 0 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HUBERT D. WALKER | CIVIL ACTION NO. 03-2284 |
| VERSUS | JUDGE ROBERT G. JAMES |
| N. BURL CAIN, WARDEN LOUISIANA STATE PENITENTIARY | MAG. JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1]. Magistrate Judge James D. Kirk issued a Report and Recommendation [Doc. No. 31] recommending that Petitioner's remaining claim be denied and dismissed with prejudice for failure to state a claim upon which relief can be granted.[1] Petitioner filed an objection [Doc. No. 32] arguing for the first time that an amendment of his grand jury indictment violated his right to have his prosecution initiated by a grand jury.

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED AND DISMISSED WITH PREJUDICE.

I.     LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. *See* 28 U.S.C. § 636(b)(1). In the present case, Petitioner timely filed an objection [Doc. No. 32] to Magistrate Judge Kirk's Report and Recommendation, thus warranting *de novo* review by the Court.

---

[1] All of Petitioner's other habeas corpus claims have been resolved adversely to Petitioner. [Doc. Nos. 26 & 30].

1

### A. Report and Recommendation

In his Petition, Petitioner claims that Louisiana's use of the "short form" indictment is unconstitutional because it does not list each essential element of the charged offense. Petitioner argues that the grand jury is prevented from determining whether the State has presented sufficient probable cause to warrant an indictment. *See* La. Code Cr. P. art 465(A).

The constitutionality of short form indictments has been consistently upheld in Louisiana courts and the United States Court of Appeals for the Fifth Circuit. *See, e.g., State v. Baylis*, 388 So.2d 713, 718-19 (La. 1980); *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984). Accordingly, Magistrate Judge Kirk reasoned that Petitioner failed to state a claim. The Court finds that Magistrate Judge Kirk's analysis is correct under the applicable facts and law and ADOPTS his Report and Recommendation.

### B. Petitioner's Objections

On September 8, 1997, Petitioner was indicted by the Madison Parish Grand Jury for first degree murder. On October 14, 1999, in open court, the State amended the indictment to second degree murder over Petitioner's objection. Thereafter, Petitioner was convicted of second degree murder and sentenced to life imprisonment.

Petitioner claims that the amendment violated his state and federal constitutional rights to have his prosecution initiated by a grand jury. According to Petitioner, prosecution of second degree murder, a felony punishable by life imprisonment, must be initiated by a grand jury. *See* LA. CONST. of 1974, art. 1, § 15; *see also* U.S. CONST. amend. V. Because Petitioner was never indicted for second degree murder, he claims that he was unconstitutionally convicted.

Louisiana's Constitution states that "no person shall be held to answer for a capital crime or

2

a crime punishable by life imprisonment except on indictment by grand jury." LA. CONST. of 1974, art. 1, § 15; *see also,* La. Code Cr. P. art. 382(A). Second degree murder is a crime punishable by life imprisonment and, therefore, requires a grand jury indictment. *See* La. Rev. Stat. § 14:30.1 (West 1997); *see also, State v. Stevenson,* 334 So.2d 195 (La. 1976). However, the Louisiana Supreme Court has held that an amendment to charge a lesser included offense does not require another grand jury indictment if the offenses contain the same essential elements. *See State v. Davis,* 385 So. 2d 193, 196-197 (La. 1980), *writ denied, Penns v. Louisiana,* 529 U.S. 1134 (2000). At the time of the murder for which Petitioner was convicted, first and second degree murder contained the same essential element, killing with specific intent. *See* La. Rev. Stat. §§ 14:30, 14:30.1 (West 1997). Therefore, Petitioner was not prejudiced by the amendment because the grand jury "necessarily considered the evidence relevant to all the essential elements of" both first and second degree murder. *Davis,* 385 So. 2d at 197.

The United States Constitution states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...." U.S. CONST. amend. V. However, "the Fifth Amendment's requirement that federal felony offenses be prosecuted by indictment does not apply to state felony charges." *Mayne v. Cockrell,* No. 02-2174, 2003 U.S. Dist. LEXIS 5108, at *3 (N.D. Tex. Mar. 31, 2003) (citing *Hurtado v. People of State of California,* 110 U.S. 516 (1884)). Instead, the "Due Process Clause of the Fourteenth Amendment... require[s] that... the state ... give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Brown v. Cain,* No. 99-2667, 2001 U.S. Dist. LEXIS 1304, at *11 (E.D. La. Feb. 1, 2001) (citing *Jackson v. Virginia,* 443 U.S. 307, 314 (1979)). As Magistrate Judge Kirk noted, "Petitioner does not argue that he was not otherwise provided sufficient notice of the factual and

3

legal basis of his charge. . . ." [Doc. No. 31, p. 6].

Therefore, the Court finds that Petitioner's state and federal constitutional rights were not violated.

## II. CONCLUSION

For the foregoing reasons and those stated in the Report and Recommendation of the Magistrate Judge [Doc. No. 31], which the Court ADOPTS, Petitioner's Petition for Writ of Habeas Corpus is DENIED AND DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

MONROE, LOUISIANA, this ___1___ day of March, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE